No. 13-31302

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

IN RE:  DEEPWATER HORIZON

_____

On Appeal from the United States District Court
for the Eastern District of Louisiana
MDL No. 2179, Civ. A. Nos. 12-970 & 13-492

_____

# MOTION OF BP EXPLORATION & PRODUCTION INC.,
# BP AMERICA PRODUCTION COMPANY, AND BP P.L.C.
# TO SUPPLEMENT THE RECORD ON APPEAL AND FOR
# LEAVE TO FILE SUPPLEMENTAL RECORD UNDER SEAL

_____

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
Andrew B. Bloomer, P.C.
R. Chris Heck
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Theodore B. Olson
  *Counsel of Record*
Miguel A. Estrada
Thomas G. Hungar
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

*Counsel for BP Exploration & Production Inc.,*
*BP America Production Company, and BP p.l.c.*
[*additional counsel listed on next page*]

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004
(202) 942-5000

Jeffrey Lennard
DENTONS LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606
(312) 876-8000

George H. Brown
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304
(650) 849-5339

S. Gene Fendler
Don K. Haycraft
R. Keith Jarrett
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979

Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................ 1

BACKGROUND ......................................................................... 3

REASONS FOR SUPPLEMENTING THE RECORD ON APPEAL
AND FOR GRANTING LEAVE TO FILE UNDER SEAL ...................... 7

    I.    The Record In This Appeal Should Be Supplemented. ......... 7

    II.   The Supplemental Record Should Be Filed Under Seal. .... 11

CONCLUSION ........................................................................ 12

APPENDIX:  SUPPLEMENTAL RECORD INDEX

# INTRODUCTION

BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") respectfully move, pursuant to Federal Rule of Appellate Procedure 10(e) and this Court's inherent authority, to supplement the record in this appeal to include the materials attached to this motion. BP also moves, pursuant to Rule 25.2.8, for leave to file those supplemental record materials under seal. In accordance with Fifth Circuit Rule 27.4, BP has contacted all other parties to this appeal to determine whether any party will file an opposition. Counsel for Claimant objects to the relief requested. Class Counsel object to the relief requested on the ground that none of the materials at issue were filed into the district court docket.

This matter arises from the court-approved settlement agreement entered into between BP and a class of plaintiffs who claim to have suffered economic losses from the *Deepwater Horizon* oil spill. *See* MDL 2179 Docket Entry ("D.E.") 6430-1. The settlement agreement establishes a claims process using a business economic loss ("BEL") framework, which is designed to measure the amount (if any) of lost profits sustained by a business claimant. It also sets out an internal Appeal Panel process for challenging individual awards, and a mechanism by which parties may seek discretionary judicial review of such awards. *See id.* § 6; D.E. 6430-44 (Ex. 25).

This appeal concerns the district court's failure to overturn an award to a non-profit entity claimant in violation of the parties' settlement agreement.  A prior order of the district court, D.E. 10185 ("May 20 Order"), has prevented BP from creating a full record for this appeal through the traditional means prescribed by the Federal Rules. That Order prevents requests for judicial review from being entered on the district court docket and precludes BP from filing with the district court the record materials relevant to its requests for judicial review. As a result, most of the documents that would normally constitute the record on appeal have never been docketed, although for the most part they reside in the files of the Court-Supervised Settlement Program ("CSSP").

This Court should exercise its authority to supplement the record in this appeal.  Supplementation is necessary to enable this Court to make an informed decision regarding the merits of the appeal because, as a result of the May 20 Order, most of the underlying record documents necessary to a full understanding of the legal issues presented by this appeal are absent from the district court docket, although present in the CSSP's files and fully available to the parties to this appeal.  Supplementation is warranted, moreover, because BP diligently took proper steps to create an appropriate record for appellate review and because the district court lacked authority to undermine BP's appellate rights or frustrate this Court's jurisdiction.

This Court should also order that the supplemental materials be filed under seal. Those materials consist almost entirely of claim-related documents that include claimant-identifying information that is protected from disclosure by the district court's June 28, 2012 confidentiality order. *See* D.E. 6822. Ordering these materials to be filed under seal will protect their confidentiality while enabling this Court to access them.

## BACKGROUND

On November 30, 2012, the settlement program's Claims Administrator issued a policy decision that allowed grants and donations received by non-profit entities to "typically be treated as revenue" when measuring the compensation due to non-profit entities seeking recovery under the BEL framework. BP's Motion to Align Briefing and Oral Arg. Schedules and to Assign Appeals to the Same Panel ("Motion to Align"), Nos. 13-30843, 13-31296, 13-31299, 13-31302, Ex. A at 1; *see also* Motion to Align, Ex. B at 1. Over BP's objection, the district court upheld this interpretation in an e-mail sent on December 12, 2012. *See*, *e.g.*, Motion to Align, Ex. C at 2, Ex. D.

On April 24, 2013, the district court directed BP to identify each appeal to the Appeal Panel directed solely to certain specified grounds—including the question whether grants and donations typically constitute compensable "revenue" for non-profit claimants—and ordered that such appeals be summarily denied. D.E. 9538, at 2 ("April 24

Order"). The April 24 Order stated further, however, that "[p]rocessing of claims pursuant to" the terms set forth in the Order "shall not constitute a waiver of any rights that BP may or may not have with respect to further review of the underlying legal issues." *Id.* at 3.

The district court later issued the May 20 Order to specify procedures for judicial review of Appeal Panel decisions. Despite the statement in the April 24 Order to the effect that BP's appellate rights would be protected, the May 20 Order erects significant obstacles to BP's vindication of its right to seek judicial review of individual claim determinations in both the district court and this Court. D.E. 10185. BP has filed an appeal from the May 20 Order, which this Court will consider in No. 13-30843. That appeal presents (among other issues) the question whether the district court erred by: (a) barring BP from seeking district court review of any awards directly implicating the non-profit revenue issue, D.E. 10185-1, at 3 (Rule 16); (b) refusing to enter requests for judicial review on the district court docket, *id.* at 2-3 (Rule 13); and (c) refusing to allow BP to file record materials on the docket when it seeks judicial review, *id.* (Rule 13).

The settlement program has continued to process claims brought by non-profit entities in accordance with the Claims Administrator's November 30, 2012 policy, and BP has requested district court review of certain resulting non-profit awards. On September 4, 2013, the settlement program's Appeals Coordinator notified BP that the district

court had denied BP's request for judicial review of the award at issue in this appeal. *See* Notice of Appeal at 3, Doc. 00512481702.

The May 20 Order, however, prevented BP from filing on the district court docket the documents necessary to create an adequate record on appeal. Indeed, the district court clerk did not even enter the district court's denial order on the docket; instead, pursuant to the May 20 rules, the settlement program's Appeals Coordinator simply issued a notice of the denial and posted it on an internal settlement program website. As a result, in filing a notice of appeal in this case, BP was not even able to cite a previously docketed order from which it was appealing, because no such previously docketed order appeared on the docket.[1] Moreover, the May 20 Order prevented BP from filing on the district court docket the underlying documents relevant to the Claims Administrator's policy decision on non-profit revenue, the documentation submitted by the claimant in support of its BEL claim, the briefing before the CSSP's Appeal Panel, and the briefing in connection with BP's request for judicial review in the district court (all of which are attached to this motion).

On January 15, this Court ordered that the briefing and oral argument schedules in this appeal and appeal Nos. 13-30843, 13-31296,

---

[1] The denial was docketed on December 16, 2013, as an attachment to BP's notice of appeal. D.E. 11982-1; *see also* D.E. 11982 (redacted version).

and 13-31299 would be aligned, that the four appeals will be assigned to the same merits panel, and that the designated record in No. 13-30843 shall be used as the record in this appeal. *See* Order at 2, Doc. 00512500655. The Court also directed the parties in this appeal to file any supplemental designations of portions of the record not already included in the record in Appeal No. 13-30843. *See* Order at 1, Doc. 00512501344. In compiling its proposed joint designation list, counsel for BP was informed by the clerk's office for the U.S. District Court for the Eastern District of Louisiana that those supplemental designations could include only materials listed on the district court's docket sheet.

Accordingly, BP submits this motion to supplement the record in this appeal with the relevant but undocketed materials attached to this motion.[2] These materials consist primarily of claim-specific documents contained in the files of the CSSP, which was created by, and is supervised by, the district court. They also include relevant *in camera* communications between BP, Class Counsel, and the district court. These documents, which are central to the issues before the Court in this appeal, were part of the proceedings below, and were

---

[2] Before this Court had ordered the parties to use in this appeal the designated record in No. 13-30843, BP filed a motion to supplement the record on appeal. *See* Motion to Supplement, Doc. 00512484668 (Dec. 30, 2013). That motion was "[d]en[ied] as premature" in a clerk order dated January 2, 2014, because there was not yet a "record in this appeal." Order at 1, Doc. 00512486586.

available to the district court for purposes of BP's requests for judicial review.

## REASONS FOR SUPPLEMENTING THE RECORD ON APPEAL AND FOR GRANTING LEAVE TO FILE UNDER SEAL

### I.    The Record In This Appeal Should Be Supplemented.

The record in this appeal should be supplemented to include all materials from the proceedings below that are relevant to this Court's review of the judgment from which BP has appealed.

Pursuant to Federal Rule of Appellate Procedure 10(e) and the inherent powers of a federal court of appeals, this Court has "clear . . . authority" to supplement the record on appeal to include materials that are necessary to resolving the issues presented for review. *Gibson* v. *Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984); *see Phillips Petroleum Co.* v. *Williams*, 159 F.2d 1011, 1012 (5th Cir. 1947) ("This court has ample authority . . . to supplement the record if there has been omitted from it matter which is deemed necessary or appropriate in the decision of the case."); Fed. R. App. P. 10(e)(3) (recognizing authority of the courts of appeals regarding "the form and content of the record").

This Court recognized long ago that under Rule 10(e) "[w]hat in fact went on below may be settled and placed of record . . . and whatever proceedings are necessary to that end are permissible." *United States* v. *Page*, 661 F.2d 1080, 1082 (5th Cir. 1981) (emphasis removed).    The Court has repeatedly exercised this authority to

supplement the record so that it may properly conduct its review. *See*, *e.g.*, *Waguespack* v. *Aetna Life & Cas. Co.*, 795 F.2d 523, 525 (5th Cir. 1986) (exercising Court's "discretionary power" to include a deposition in the record); *Gibson*, 744 F.2d at 405 n.3 (same for photograph).

Supplementation is necessary here to allow this Court to conduct an adequate and meaningful review. In the normal case, assembling the record on appeal is straightforward: Federal Rule of Appellate Procedure 10(a) provides that "the record on appeal" is "constitute[d]" of (among other items) "the original papers and exhibits filed in the district court." Fed. R. App. P. 10(a)(1). Thus, a party assembling the record on appeal generally need only consult the district court docket and collect the documents filed in the district court that are necessary for this Court to review the judgment that has been appealed.

The May 20 Order prevented BP from taking that well-worn path here. The Order does not allow any of the "papers and exhibits" concerning challenges to individual Appeal Panel awards to be "filed in the district court" or entered on the district court docket. Fed. R. App. P. 10(a); *see* D.E. 10185, 10185-1. Supplementation is therefore necessary to permit this Court to make an informed assessment of the issues presented.

Supplementation is further warranted here because BP diligently preserved its right to create an appellate record. Although the district court had assured BP that its April 24 Order "shall not constitute a

waiver of any rights that BP may or may not have with respect to further review of the underlying legal issues," D.E. 9538, at 3, BP took precautionary measures in response to the May 20 Order to ensure that it would preserve its right to create a record on appeal.  BP moved the district court to amend the May 20 Order to allow, among other things, (1) "that all requests for discretionary review, objections thereto, and Court orders regarding such requests will be entered into the appropriate Court docket," and (2) "that a party filing a Request for Discretionary Review may append exhibits and attachments containing record evidence to requests for discretionary review." D.E. 10415, at 1. The district court denied that motion without explanation.  D.E. 10759.

The Court should allow supplementation, moreover, to prevent the district court's May 20 Order from interfering with BP's appellate rights and this Court's jurisdiction.  The district court has no authority to deprive BP of its right to appeal by preventing it from assembling a record on appeal.  "[T]he Federal Rules do not permit the district court to prevent parties from including in the record any part of the occurrences below which they wish thus included." *Treasure Imports, Inc.* v. *Henry Amdur & Sons*, 127 F.2d 3, 4 (2d Cir. 1942); *cf. William Howard Hay Found., Inc.* v. *Safety Harbor Sanatorium*, 141 F.2d 952, 952 (5th Cir. 1944) (per curiam) (district court is not permitted "to prevent the appellant from having his designated record sent up" to the court of appeals).  Indeed, "[t]he policy that it is the appealing parties,

and not the trial court, who control the issues to be presented on appeal has been embodied in federal practice since the Federal Rules were adopted in 1938." *Int'l Bus. Machs. Corp.* v. *Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) (per curiam) (discussing Federal Rule of Appellate Procedure 10(a) and its predecessor).

Thus, the Second Circuit has granted mandamus relief to correct a refusal to allow parties to create an appellate record that is akin to the district court's refusal here.  In *Edelstein*, the district court issued a formal order directing the parties to send all papers in the case to the district court's chambers, rather than filing those papers with the district court clerk.  526 F.2d at 44.  The district court refused, in turn, to forward some of petitioner IBM's motions to the clerk for filing.  *Id.* at 44-45.  On petition for mandamus, the Second Circuit recognized that although the district court could have simply denied IBM's motions, "[t]he judge's refusal to file IBM's papers" was a "usurpation of power" because it "prevented [IBM] from making a record for purposes of appeal." *Id.* at 45.  "Filing at the trial court level with a view to 'making a record' is crucial," the Second Circuit emphasized, "because, absent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record." *Id.*  The court of appeals therefore granted mandamus to correct the district court's "impermissible interference with [IBM's] right to make the

10

record it chooses for purposes of appeal," and ordered that papers sent to the judge's chambers "should have been considered filed." *Id.* at 46.

In accordance with the Federal Rules, the basic right to appellate review, and the Second Circuit's guidance in *Edelstein*, this Court should supplement the record on appeal.

## II.    The Supplemental Record Should Be Filed Under Seal.

On June 29, 2012, the district court ordered that claims files and claims-related materials and data submitted to the Gulf Coast Claims Facility, the Transition Process, or the CSSP be kept confidential to the extent they include claimant-identifying information.   *See* D.E. 6822. Recognizing that these materials would contain private information "that warrant[s] protection from disclosure," *id.* ¶ 2, the district court directed that access to those materials was restricted to the court, class counsel, BP, the Claims Administrator, claimants, and certain other third parties in specified circumstances, *see id.* ¶¶ 5-13.   It also authorized the Claims Administrator to determine the method by which authorized persons could access the information.   *See id.* ¶ 16.   Claim files are therefore maintained on a secure website accessible only to "persons authorized by the Claims Administrator." *Deepwater Horizon Claims Center*, https://www2.deepwaterhorizoneconomicsettlement.com. Consistent with the district court's order, BP's filings in both the district court and this Court have omitted reference to claimant-identifying information.

The supplemental record attached to this motion consists almost exclusively of materials protected from disclosure under the district court's order.  Given that these materials are essential to resolution of this appeal, and the general lack of non-confidential documents in the supplemental record, this Court should order that it be filed under seal pursuant to Fifth Circuit Rule 25.2.8.  Doing so will enable this Court to have access to these critical documents while allowing the parties to proceed in accordance with the district court's confidentiality order. Moreover, because not all of the parties to the other three appeals aligned with this appeal are entitled to have access to this sealed material, access to these supplemental record materials should be limited to the parties to this appeal only.

## CONCLUSION

This Court should supplement the record in this appeal to include all necessary orders, briefing, documentation, and materials related to the order under review, which are attached to this motion.  The Court should also order that those materials be filed under seal, and made accessible only to the Court and the parties to this appeal.

January 22, 2014

Respectfully submitted,

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
Andrew B. Bloomer, P.C.
R. Chris Heck
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004
(202) 942-5000

Jeffrey Lennard
DENTONS LLP
233 South Wacker Drive
Suite 7800
Chicago, IL  60606
(312) 876-8000

  /s/ Theodore B. Olson
Theodore B. Olson
   *Counsel of Record*
Miguel A. Estrada
Thomas G. Hungar
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

George H. Brown
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304
(650) 849-5339

S. Gene Fendler
Don K. Haycraft
R. Keith Jarrett
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979

Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000

*Attorneys for BP Exploration & Production Inc.,*
*BP America Production Company, and BP p.l.c.*

13

# APPENDIX:  SUPPLEMENTAL RECORD INDEX

CSSP Policy 307 v1—Exclusions:  Not for Profit Businesses
(5/24/12)* ..............................................................................1

Claims Administrator request for input from the parties
regarding whether grants to non-profit entities should
be treated as revenue in the context of claims for
business economic losses (10/23/12) ................................................2

BP memorandum to Claims Administrator regarding
whether grants to non-profit entities should be treated
as revenue in the context of claims for business
economic losses (10/24/12)..................................................6

Class Counsel memorandum to Claims Administrator
regarding whether grants to non-profit entities should
be treated as revenue in the context of claims for
business economic losses (10/24/12) ................................................9

Claims Administrator memorandum to District Court
regarding whether grants to non-profit entities should
be considered revenue in evaluating business economic
losses (11/30/12)..................................................20

Class Counsel memorandum to District Court regarding the
treatment of grants to non-profit entities (12/3/12)......................21

BP memorandum to District Court regarding the treatment
of grants to non-profit entities (12/4/12) ........................................26

Class Counsel supplemental memorandum to District Court
regarding the treatment of grants to non-profit entities
(12/4/12) ..............................................................................33

Declaration of Michael H. Granof (with accompanying
attachment) (12/7/12) ....................................................35

_____

* For claim-specific materials originally stored on the CSSP website,
the date noted in parentheses is the "Create Date" listed on the
website.  For other materials, the date noted in parentheses is the
date specified on the relevant document.

District Court email adopting Claims Administrator position that grants to non-profit entities should be treated as revenue in the context of claims for business economic losses (12/12/12) ................................................................... 53

CSSP Policy 307 v2—Business Economic Loss: Non-Profit Entities (12/12/12) ............................................................ 55

CSSP Policy 328 v2—Business Economic Loss Claims: Non-Revenue Items of Entities (8/21/13) ............................................. 56

Class Counsel memorandum regarding Policy 328 (8/28/13) ................. 57

Power of Attorney or Other Authorization for Lawyer to Sign for Claimant (11/29/12) .................................................... 62

Registration Form (11/29/12) .................................................... 63

Form W-9 (11/29/12) ........................................................... 75

Other Correspondence (11/29/12) ............................................... 76

Articles of Incorporation/Business Formation Documents (11/29/12) ..................................................................... 77

Articles of Incorporation/Business Formation Documents (11/29/12) ..................................................................... 78

Other Correspondence (11/29/12) ............................................... 87

Corporate Bylaws (11/29/12) .................................................... 88

2009 Federal Income Return Form 990, Organization Exempt from Income Tax (11/29/12) ........................................... 105

2009 Financial – Income Statements/Profit & Loss (Claim ID: XXX948) (11/29/12) ................................................. 114

2010 Financial – Income Statements/Profit & Loss (Claim ID: XXX948) (11/29/12) ................................................. 115

2011 Financial – Income Statements/Profit & Loss (Claim ID: XXX948) (11/29/12) ................................................. 116

Correspondence from Expert (11/29/12) ......................................... 117

2010 Federal Income Return Form 990, Organization Exempt from Income Tax (11/29/12) ........................................... 118

Other Tax Document (11/29/12)..............................................................149

Other Correspondence (11/29/12) .......................................................150

Correspondence from Expert (11/29/12) ..............................................151

Other Tax Document (Duplicate)...........................................................152

2011 Federal Income Return Form 990, Organization Exempt from Income Tax (11/29/12) ...........................................153

Accountant Calculation Worksheet (From Claimant or Claimant's Accountant) (11/29/12) ...............................................181

2007 Financial – Income Statements/Profit & Loss (Claim ID: XXX948) (11/29/12) ...................................................181

2008 Financial – Income Statements/Profit & Loss (Claim ID: XXX948) (11/29/12) ...................................................181

2009 Financial – Income Statements/Profit & Loss (Claim ID: XXX948) (11/29/12) ...................................................181

2010 Financial – Income Statements/Profit & Loss (Claim ID: XXX948) (11/29/12) ...................................................181

2011 Financial – Income Statements/Profit & Loss (Claim ID: XXX948) (11/29/12) ...................................................181

Business Economic Loss Claim Form (Purple Form) (Claim ID: XXX948) (11/30/12) ...................................................182

2007 Financial – Income Statements/Profit & Loss (12/3/12)..............192

2008 Financial – Income Statements/Profit & Loss (12/3/12)..............192

2009 Financial – Income Statements/Profit & Loss (12/3/12)..............192

2010 Financial – Income Statements/Profit & Loss (12/3/12)..............192

2011 Financial – Income Statements/Profit & Loss (12/3/12)..............192

Correspondence from Claimant's Counsel (1/14/13)............................193

Financial – Other (3/6/13) ....................................................................194

Bank Statements (3/18/13)....................................................................195

Accountant Compensation Calculation Schedules (DWH Settlement – PDF) (3/21/13) .......................................................220

Financial Data Used By Accountants (Excel) (3/21/13)........................242

Eligibility Notice (Claim ID XXX948) (3/25/13) ...................................258

Eligibility Notice (3/25/13) .................................................................296

Request for Re-Review or Reconsideration Form (from
   Eligibility Notice) (3/25/13)............................................................304

DWH Release Received – Hard Copy (3/25/13)....................................306

Attorney Fee Acknowledgement Form (3/25/13)..................................328

Form W-9 (3/25/13).............................................................................330

DWH Release Received – Hard Copy (3/25/13)....................................334

Correspondence from Claimant's Counsel (3/25/13).............................354

Form W-9 (3/25/13).............................................................................355

Attorney Fee Acknowledgement Form (3/25/13)..................................359

Eligibility Notice (3/25/13) .................................................................361

Request for Re-Review or Reconsideration Form (from
   Eligibility Notice) (3/25/13)............................................................369

DWH Release Received – Hard Copy (3/25/13)....................................371

Envelope or Other Packaging Only (3/25/13)........................................373

Appeal – Notice of BP Appeal (Claim ID XXX948) (4/3/13).................374

Appeal – Appeal Correspondence (4/17/13)...........................................384

Appeal – Supporting Memoranda (4/17/13) ..........................................385

Appeal – Initial Proposal Form (4/17/13) .............................................421

Appeal – Notice of Final Proposals (4/26/13)........................................423

Affidavit/Sworn Statement (4/26/13)....................................................426

Affidavit/Sworn Statement (4/26/13)....................................................427

Other Correspondence (4/26/13) ..........................................................430

Court Filing (4/26/13) .........................................................................520

Appeal – Final Proposal Form (4/26/13)...............................................523

Other Correspondence (4/29/13) ..........................................................525

Appeal – Notice of Initial Proposals (Claim ID XXX948)
(5/3/13) .......................................................................526

Appeal – Notice of Final Proposals (Claim ID XXX948)
(5/15/13) .....................................................................530

Appeal – Notice of Appeal Panel Decision (Claim ID
XXX948) (6/29/13)......................................................534

Appeal – Post-Appeal Eligibility Notice (6/29/13)................535

Appeal – Post-Appeal Eligibility Notice (Claim ID XXX948)...............538

Request for Discretionary Review by the Court (7/23/13) ...................541

Objection to Discretionary Review by the Court (7/24/13) ..................544

Notice of Objection to Request for Discretionary Review by
the Court (Claim ID XXX948) (8/26/13) .......................547

Contact Notes Report ...........................................................548

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 20, 2014, counsel for Defendants–Appellants contacted counsel for Claimant-Appellee and Class Counsel to determine, pursuant to this Court's Rule 27.4, whether an opposition will be filed.    Counsel for Claimant-Appellee objects to the relief requested.    Class Counsel object to the relief requested on the ground that none of the materials at issue were filed into the district court docket.

   /s/ Theodore B. Olson  
Theodore B. Olson
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I hereby certify that on January 22, 2014, this Motion to Supplement the Record on Appeal was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF document filing system, https://ecf.ca5.uscourts.gov.  I further certify that:  (1) required privacy redactions have been made pursuant to this Court's Rule 25.2.13, (2) the electronic submission is an exact copy of the paper document pursuant to this Court's Rule 25.2.1, and (3) the document has been scanned with the most recent version of Microsoft Forefront Endpoint Protection and is free of viruses.


　　　/s/ Theodore B. Olson
Theodore B. Olson
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2014, an electronic copy of the foregoing Motion to Supplement the Record on Appeal was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system.

  /s/ Theodore B. Olson
Theodore B. Olson
*Attorney of Record for BP*
*Exploration & Production Inc., BP*
*America Production Company, and*
*BP p.l.c.*